Lin v. Barr

BIA
A077 925 426

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand nineteen.

PRESENT:
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

GUANG HUI LIN,
*Petitioner*,

v. 17-4072
NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER: Robert J. Adinolfi, Esq., New York, NY.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Anthony O. Pottinger, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guang Hui Lin, a native and citizen of the People's Republic of China, seeks review of a December 11, 2017 decision of the BIA denying his motion to reopen his removal proceedings. *In re Guang Hui Lin,* No. A 077 925 426 (B.I.A. Dec. 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion and the BIA's country conditions determination for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An alien seeking to reopen may file one motion to reopen no later than 90 days after the agency issues its final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Lin's 2017 motion to reopen was untimely because he filed it more than a decade after the BIA's final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(i);

2

8 C.F.R. § 1003.2(c)(2). However, noncompliance with the 90-day time limitation is excused if the motion is filed in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). Where conditions vary within a country, the movant must show a change in the relevant geographic area. *See Jian Hui Shao*, 546 F.3d at 170. Substantial evidence supports the BIA's conclusion that Lin did not establish a material change in conditions in his home province of Fujian.

The country conditions evidence reveals that the Chinese

3

government's treatment of Christians has been consistent since Lin's 2002 hearing. The record reflects that Christians attending unauthorized churches in China have faced repression since at least the mid-1990s, when China initiated a campaign to suppress unregistered and unauthorized religious groups. In 2001, "government respect for religious freedom remained poor," as described by the U.S. State Department. Certified Administrative Record ("CAR") at 1696–97 (2001 U.S. State Dep't Country Report on Human Rights Practices). Repression of unregistered religious groups, including underground Christian groups, had intensified in some areas, although it had "eased somewhat" following a period of heightened repression in Fujian Province. *Id.*

Lin cites a 2002 State Department report as evidence that China was more tolerant of Christians then than now. Petitioner's Brief at 11, citing CAR at 240–45 (2002 U.S. State Dep't Country Report on Human Rights Practices ("2002 Report")). However, the same report concluded that "[o]verall, government respect for religious freedom remained

4

poor, and crackdowns against unregistered groups, including underground Protestant and Catholic groups . . . continued." *Id.* With respect to Fujian Province, it reported that the recent detention of two underground priests had "created a generalized fear that other detentions might follow." *Id.* A report from 2016 described a continuation of these conditions: the registration policy persisted, with some toleration for unregistered religious groups and periodic crackdowns. CAR at 447–56 (2016 Annual Report of the Congressional-Executive Commission on China ("2016 Report")). Moreover, the 2016 Report does not support a general conclusion that repression had escalated in Fujian Province.

Lin raises three principal challenges to the BIA's conclusions. First, he argues that 2001 and 2002 State Department reports show that repression has escalated, and the BIA mischaracterized these reports by evaluating them differently than did the Seventh Circuit in *Shu Han Liu v. Holder*, 718 F.3d 706 (7th Cir. 2013). This argument is unavailing. Although addressing the same region and a similar time frame, the Seventh Circuit was presented with a

5

different set of evidentiary materials concerning country conditions, and the BIA was not required to reach the same conclusion on a different evidentiary basis. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988) (movant bears the burden of introducing evidence in support of a motion to reopen); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to be afforded evidence in immigration proceedings "lies largely within the discretion" of the finder of fact (brackets and quotation marks omitted)). As discussed above, the totality of the record here provides substantial evidence in support of the BIA's conclusion.

Second, Lin argues that the BIA ignored portions of the record. The BIA gave "reasoned consideration to the petition, and made adequate findings," and did not need to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007); *see also Xiao Ji Chen*, 471 F.3d at 336 n.17 ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.").

6

Finally, Lin argues that the BIA should not have relied on the 1998 and 2001 State Department reports because they were not part of the administrative record. He is incorrect: he filed the reports in support of his original asylum application and they were duly incorporated into the record.

Therefore, because the country conditions evidence supports the BIA's conclusion that Lin failed to demonstrate a material worsening of conditions for Christians in China between 2001 and 2017 as needed to excuse him from the 90-day filing deadline for his motion, the BIA did not abuse its discretion in denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C). Because this finding is dispositive, we do not reach the BIA's alternative conclusion that Lin failed to establish prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

7

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court